Filed 2/16/21  P. v. Viengvilai CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>PLAO VIENGVILAI,<br><br>     Defendant and Appellant. | A158269<br><br>(Contra Costa County<br>Super. Ct. No. 59101361) |

Plao Viengvilai appeals from denial of the petition he filed in propria persona to recall and vacate his conviction under Penal Code section 1170.95.[1]  His petition asserts he had been convicted of murder in the second degree under the felony murder rule or the natural and probable consequences doctrine, and therefore could no longer be held liable due to recent amendments to sections 188 and 189.  (Stats. 2018, ch. 1015, §§ 2–4.)

Appellant's court-appointed counsel has filed a brief raising no legal issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Counsel declares that she advised appellant she will be filing a brief pursuant to the procedures prescribed in

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

*Wende*, provided appellant a copy of that brief, and advised appellant that he may request this court to relieve her as counsel.[2]

This appeal is authorized by section 1237, subdivision (b) and rule 8.304 of the California Rules of Court.

## FACTS AND PROCEEDINGS BELOW

On April 29, 1991, appellant was convicted of murder in the second degree (§ 187, subd. (a)) and the jury found he personally used a firearm in the commission of the offense. (§ 12022.5.)

In July 1992, we issued an unpublished opinion affirming appellant's conviction. (*People v Viengvilai* (July 24, 1992, A053566) (*Viengvilai*).)

In the present proceeding, Contra Costa Superior Court Judge John W. Kennedy took judicial notice of our prior opinion. (Evid. Code, § 452; Cal. Rules of Ct., rule 8.1115(b).) As stated in *People v. Brimmer* (2014) 230 Cal.App.4th 782, 800, the "court's unpublished opinion in defendant's prior underlying appeal is sufficient evidence of the record of conviction."

In his order denying appellant's petition for resentencing, Judge Kennedy paraphrased the portion of our opinion describing the facts of appellant's 1991 offense, as follows:

"Viengvilai and his fellow gang members sought revenge against an Oakland gang for a perceived wrong done to a Richmond cohort. Viengvilai loudly stated, 'Let's go shoot some Oakland people.' He brought along a gun, a 22 with a sawed-off barrel, under his trench coat as he and his Richmond

---

[2] Counsel's declaration does not, however, state that she advised appellant that he may himself file a supplemental brief in his own behalf within the specified period. For reasons that shall become apparent, counsel's failure to provide appellant that advice, if indeed she did fail, is not prejudicial, as it is inconceivable such a brief would result in a more favorable result for appellant.

gang approached the auditorium where the Oakland gang members were waiting. At one point, Viengvilai started shooting his gun at the Oakland gang members while yelling, 'Fuck you. Go back to Oakland . . . . Die.' As he and his fellow gang members drove away, Viengvilai fired at them two or three times. The victim was shot in the back of the head and died. A .22 [caliber] bullet was removed from his brain.

"The defendant at trial contested that his actions were not the proximate cause of death of the victim. He presented evidence that 'the victim was not killed by the shots [defendant] fired, but by some[one] else's shots in part of a shootout between the rival gangs.' ([Citing *Viengvilai, supra*, A053566], at p. 3.) The prosecution's theory at trial was that defendant was 'at the scene of and guilty of murder, whether as the person firing the fatal shot or as an active participant in the shooting.' (*Id.* at p. 8.) The Court of Appeal aptly concluded that the prosecution's evidence showed [defendant] 'was guilty of murder because he actually fired the bullet which killed the victim. . . . [Defendant presented evidence that] showed he participated in a shootout with other gang members, in the course of which the victim was killed. Even under this defense, . . . [defendant's] act would . . . be a proximate cause of death of the victim and he was therefore guilty of a homicide.' (*Id.* at p. 4 (emphasis added).)"

The criminal complaint filed against appellant in 1991, and the instructions given the jury that convicted him, shows that he was neither charged with murder nor convicted of second degree murder under a theory of felony murder or the natural and probable consequences doctrine.

Senate Bill No. 1437 (2017–2018 Reg. Sess.), enacted in 2018, added section 1170.95, and altered the principle of felony murder in California by amending sections 188 and 189. As amended, section 189 now provides,

among other things, that a participant in the perpetration of specifies felonies in which a death occurs is liable for murder only if one of the following is proven. "(1) The person was the actual killer. (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life."

Section 1170.95, provides that a person convicted of felony murder or murder under a natural and probable consequence theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: (1) "A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; (2) "The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first or second degree murder"; and (3) "The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

In determining whether appellant made a prima facie case that he is eligible for resentencing under section 1170.95, the court considered, in addition to our prior opinion, the pleadings of the parties, and the entire record of conviction from the trial court (§ 1170.95, subd. (c)), including the information, abstract of judgment, jury instructions, jury verdicts, and court minute orders. The court noted that appellant was not convicted of felony

4

murder or under the natural and probable consequence theory, as the jury received no instructions on either theory.

Judge Kennedy's order concluded that appellant "was convicted of implied malice second degree murder, and that theory of culpability remains viable after [Senate Bill No.] 1437. On the facts, a rational juror could find that Viengvilai harbored a conscious disregard for life sufficient to find implied malice for a conviction for second degree murder. The jury's determination that Viengvilai personally used a firearm further supports the court's conclusion." Accordingly, Judge Kennedy also concluded, "Viengvilai could be convicted under the new law. (§§ 188[, subd.] (a)(2), (b), 189[, subd.] (a)(3), 1170.95[, subd.] (3); *People v. Chun* (2009) 45 Cal.4th 1172, 1184 . . . ; *People v. Knoller* (2007) 41 Cal.4th 139, 143 . . . ; *People v. Woods* (1991) 226 Cal.App.3d 1037, 1048. . . .)"

Concluding appellant failed to allege any material fact that would show he is eligible for resentencing relief under section 1170.95, subdivision (c), and that he had a full and fair opportunity to develop such a showing, the court declined to issue an order show cause and summarily denied appellant's petition.

## DISPOSITION

Having reviewed the entire record, we find no legal issues that warrant further briefing. Accordingly, the order summarily denying appellants section 1170.95 petition is affirmed.

5

_____
Kline, P.J.

We concur:


_____
Richman, J.


_____
Miller, J.


*People v. Viengvilai* (A158269)

6